```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:91-00166-01

**DARRELL PADGETT**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to the court's Standing Order, this case was designated for Standard consideration on September 24, 2008.

The Court has received and considered the original Presentence Investigation Report (PSI), Judgment and Commitment Orders and Statements of Reasons, addendum to the PSI received from the Probation Office, and any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Based on the foregoing considerations, the motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 39.[*] It is further

---

[*] It appears that the guidelines were calculated incorrectly at defendant's original sentencing based upon a misapplication of the grouping rules. Accordingly, defendant's Total Offense Level at his original sentencing should have been a 40 rather than a 41. Applying the crack cocaine amendment to an offense level of 40 would have

**ORDERED** that Defendant's previous sentence be reduced to a period of 327 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C).

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Judgment Order, as well as the Order Regarding Motion for Sentence Reduction (AO 247) filed this day, to defendant, counsel of record, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 13th day of April, 2009.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge

---

resulted in a Total Offense Level of 38 and a guideline range of 262 to 327 months. However, proceedings under 18 U.S.C. § 3582(c) "do not constitute a full resentencing of defendant." United States v. Dunphy, 551 F.3d 247, 251-52 (4th Cir. 2009); see also U.S.S.G. 1B1.10(a)(3) and 1B1.10(b)(1). Therefore, while the court has determined defendant's amended guideline range based on the calculations made at his original sentencing, i.e., Total Offense Level 39, it has considered the error and imposed a sentence of 327 months, a term of imprisonment encompassed by the guideline ranges for both Offense Levels 38 and 39.